## COURT OF APPEALS.

HORATIO AVERILL and WILLIAM J. AVERILL agt. THERON PATTERSON.

In all actions where the plaintiff *discontinues*, he must enter *an order* to that effect with the clerk. The Code has not changed or superseded the former practice in this respect, but has by § 469 preserved it.

Therefore, where the defendant pleaded the pendency of a former suit for the same cause—the plaintiff's *replication* averring that the former suit had been discontinued by a notice in writing served, &c., was *held* defective on demurrer, in not stating that an *order* of discontinuance had been duly entered.

A reply of discontinuance of a former suit *without averring payment of costs* is good where it does not appear that the defendant *appeared* in that suit.

Where the defendant pleads the pendency of a former suit, the plaintiff may discontinue, and his reply of discontinuance will be a good answer to the plea.

*October Term*, 1853.—This case comes before this court on appeal from a judgment of the supreme court rendered on a demurrer interposed by the defendant to the reply of the plaintiffs. The complaint is upon a promissory note. The answer sets up the pendency of a former suit at the time of commencement of this action. The plaintiffs allege in their reply that the former suit was discontinued by a notice in writing to that effect served upon the defendant before the answer in this cause was verified or served upon the attorney of the plaintiffs, and to this reply the defendant demurs, and states the following causes of demurrer. 1st. The plaintiffs do not show in and by said reply that said former action mentioned in said answer was ever discontinued. 2d. The reply is insufficient in not averring that said former action was discontinued by an order or rule to that effect, entered in said cause, and notice thereof served on the defendant. 3d. The reply is insufficient, in not showing that the costs in the former action mentioned in said reply were paid by the plaintiffs, or offered to be paid; and, 4th. That the reply is insufficient, for the reason that it admits that the former suit, mentioned in said answer, was pending at the commencement of this action, and it is not sufficient to aver that it has been discontinued since that time.

> JOSHUA A. SPENCER, *for plaintiffs.*
> N. HILL, jr., *for defendant.*

By the court—MASON, J. I will consider these objections in the reverse order in which they are stated, and as to the fourth and last objection, it is not well taken. The rule is well settled with us, that upon a plea or answer of the defendant, showing the pendency of the first suit, it is competent for the plaintiff to discontinue the first suit, and a replication of such discontinuance is a good answer to the plea. (Marston agt. Lawrence & Dayton, 1 *John. Ca.* 397; 1 *Barn. and C.* 649;

Beals agt. Cameron, 3 *How. Pr. R.* 414; 4 *Hill's R.* 166.) The third objection, that the reply does not allege that the costs of the former suit were paid, is not well taken. The practice seems to have been well settled with us, that a rule or order of discontinuance entered after the appearance of the defendant is a nullity without the payment of costs. (10 *J. R.* 367; 1 *W. R.* 13; 12 *W. R.* 191; 4 *Hill's R.* 167; 7 *W. R.* 511; 7 *Hill's R.* 521.) It was expressly held, however, by the court of dernier resort in this state, in the case of Smith agt. White, (7 *Hill's R.* 520,) that the rule of discontinuance was effective to discontinue the suit without the payment of costs, if entered before the defendant had appeared in the suit. In the case under consideration there is nothing in the pleadings to show that the defendant ever appeared in that suit, and I infer from the reply that there was no appearance in the suit, as the reply alleges, that the notice of discontinuance was served on the defendant himself instead of an attorney. The remaining objection is, that a notice of discontinuance is ineffectual to discontinue the suit without a rule or order to that effect entered in the cause. The practice was well settled in the supreme court of this state up to the time of the revolution produced by the Code, that a rule of discontinuance must be entered. It was indispensable to the discontinuance of the cause, and without it all else was ineffectual to discontinue it. (*Burril's Pr.* 148, 383; *Graham's Pr.* 603, 604; 10 *J. R.* 367; 1 *W. R.* 13; 7 *W. R.* 511; 12 *W. R.* 191; 4 *Hill's R.* 167; 13 *Barb. R.* 185.) The Code of Procedure makes no specific provision on the subject, nor do the present rules of the court. The 469th section of the Code, however, provides that when the rules and practice of the court, in civil actions, are consistent with it, they shall be in force, subject to the power of the court, to relax, modify, or alter the same; and by the 90th rule of the court, it is provided that where no provision is made by statute, or by these rules, the proceedings shall be according to the customary practice as it has heretofore existed in the court of chancery and supreme court. The long settled practice of entering the rule of discontinuance is certainly consistent with

the practice under the Code, and the continuance of the practice is, it seems to me, preserved in the most explicit terms by the 469th section of the Code, and the 90th rule of the supreme court, and such is the construction put upon this section of the Code, and this rule of court, by the supreme court, in Bedell agt. Powell. (3 *Barb. R.* § 183; *see pp.* 185, 186.) There is, it seems to me, very great fitness in this practice. The idea of discontinuing a suit by the bare service upon the party, or his attorney, of a notice, is certainly a very loose and dangerous practice to sanction. The notice of discontinuance may be served upon the defendant personally, before any appearance by attorney in the cause, and the notice may be served by the plaintiff himself, and this notice of discontinuance may be lost, and the plaintiff proceed to judgment in the action, and then comes a contest between the parties, as to whether the judgment shall be set aside, and this, of course, must be determined upon affidavits and upon the oath of the parties, and which offers the strongest temptation to perjury on the part of the plaintiff to hold on to a judgment which he has already obtained, and if he shall deny on oath such service, the defendant may be in many cases remediless, and such a judgment may be procured by the plaintiff after service of his notice of discontinuance, and the defendant know nothing of it, and if the defendant should chance to die before the plaintiff seeks to enforce his judgment, I do not see how, in many cases, his personal representatives could ever get rid of the judgment. There is no hardship in requiring the plaintiff to enter an order, where he desires to discontinue his action, and then the records of the court will always show the fact, and will leave no opportunity for dispute between the parties. The clerk of each county in the state is required, by rule 4 of the court, to keep a book for the entry of such orders, and I think we should require the order to be entered in all cases. If I am right in the views above expressed, that it was necessary that an order should be entered to discontinue the first action, then the reply in this case is bad, as no such thing is alleged in the reply, and the court below erred in overruling the demurrer. If, however, my

brethren should be of opinion that the practice of formally entering a rule or order discontinuing the suit is abolished by the Code, then the reply is good, and the court below were right in overruling the demurrer. The court being of opinion that the rule or order of discontinuance must still be entered, the judgment of the court below, overruling the demurrer, must be reversed, and judgment given for the defendant on the demurrer.